

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00080-CR

**JOE ANGEL FELAN,**

                                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                              **Appellee**

_____

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-1921-C2**

_____

## MEMORANDUM OPINION

_____

Joe Angel Felan was indicted on one count of murder and five counts of aggravated assault with a deadly weapon.  The jury convicted Felan on one count of murder and three counts of aggravated assault with a deadly weapon and assessed his punishment at confinement for 70 years and a $10,000 fine for murder and 20 years confinement on each of the convictions for aggravated assault with a deadly weapon.  We modify the trial court's judgments and affirm as modified.

## Background Facts

Felan had a dispute with Carneilyus Fields. Quinton Henry drove Felan and Aaron Davila around in a green suburban looking for Fields. There was testimony that Felan was in the front seat of the suburban holding a gun and Davila was in the backseat holding a gun. Fields was walking with some friends when the green suburban sped by them and went around the block. The suburban then stopped at the corner, and Felan and Davila rolled down their windows and began shooting. Fields was killed in the shooting, and Latoya Hamilton and Jamie Toney were injured. Jheromy Johnson was with Fields and the others at the time of the shooting, but he dropped to the ground when the shooting began and escaped injury.

## Jury Charge

In the first issue on appeal, Felan argues that the trial court erred in charging the jury. Appellate review of alleged jury-charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, the court must determine whether error actually exists in the charge. If error is found, the court must then evaluate whether sufficient harm resulted from the error to require reversal. *Id*. at 731-32. If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a

fair and impartial trial. *Id.* To obtain reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Felan specifically argues that the trial court's charge on the offense of murder erroneously allowed the jury to convict on the uncharged offense of conspiracy. The trial court charged the jury as follows:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that [Felan] on or about the 12th day of September, 2009, in the County of McLennan and State of Texas, as alleged in the indictment, did then and there,
>
> 1) Intentionally or knowingly cause the death of an individual, namely, Carneilyus Fields, by shooting him with a deadly weapon, a firearm; or
> 2) With intent to cause serious bodily injury to an individual, namely Carneilyus Fields, commit an act clearly dangerous to human life that caused the death of said Carneilyus Fields, by shooting Carneilyus Fields with a deadly weapon, a firearm
>
> then you will find [Felan] guilty of the offense of Murder as charged in Count I and say so by your verdict;
>
> Or, if you believe from the evidence beyond a reasonable doubt that someone other than [Felan] on or about the 12th day of September, 2009, in the County of McLennan and State of Texas, the person did  then and there,
>
> 1) Intentionally or knowingly cause the death of an individual, namely, Carneilyus Fields, by shooting him with a deadly weapon, a firearm; or
> 2) With intent to cause serious bodily injury to an individual, namely Carneilyus Fields, commit an act clearly dangerous to human life that caused the death of said Carneilyus Fields, by shooting Carneilyus Fields with a deadly weapon, a firearm,

and you further find and believe beyond a reasonable doubt that

1) [Felan] acting with intent to promote or assist the other person to commit said offense, solicited, encouraged, directed, aided, or attempted to aid the other person to commit said offense; or
2) That said offense was committed by the other person in the attempt to carry out a conspiracy to commit another felony and in furtherance of the unlawful purpose, and that [Felan] was a coconspirator to the other felony, and that [Felan] should have anticipated that said offense would be committed as a result of the carrying out of the conspiracy, whether or not you believe [Felan] intended the commission of said offense …

Felan did not object to the charge. We will first determine if there is any error in the charge.

The court's charge did not instruct the jury to consider whether appellant was guilty of the separate offense of criminal conspiracy as set out in TEX. PENAL CODE ANN. § 15.02 (West 2011). *Montoya v. State*, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989). The court's charge merely tracked the language on the law of parties as set out in TEX. PENAL CODE ANN. 7.02(a)(2) and the alternative parties charge in § 7.02(b). *Montoya v. State*, 810 S.W.2d at 165.

It is well accepted that the law of parties may be applied to a case even though no such allegation is contained in the indictment. *Montgomery v. State*, 810 S.W.2d at 165. This rule applies not only to the law of parties found in Section 7.02(a)(2) but also the law of parties found in Section 7.02(b). *Id*. The evidence supported the submission of a charge on criminal responsibility pursuant to Section 7.02(a) and Section 7.02(b). *Id*.

The trial court did not err in including the instruction in the charge. We overrule the first issue.

**Assessment of Fees**

In his second issue Felan contends that because he is indigent, the trial court erred in assessing court-appointed attorney's fees and court-appointed investigator fees. The State concedes that there is insufficient evidence to support the assessment of court-appointed attorney's fees and investigator fees. We sustain Felan's second issue.

**Conclusion**

We modify the trial court's judgments to delete the assessment of attorney's fees and investigator fees. As modified, the judgments are affirmed.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed May 1, 2014
Do not publish
[CRPM]